1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Premier Funding Group LLC,                    No. CV-14-01633-PHX-DGC

10                          Plaintiff,             **ORDER**

11   v.

12   Aviva Life and Annuity Company, et al.,

13                          Defendants.

14          On July 18, 2014, Defendants removed this case to this Court on the basis of

15   diversity jurisdiction.  Doc. 1.  On August 4, 2014, Plaintiff filed a motion to remand,

16   arguing that Defendant Richard Baldwin was a citizen of California and therefore not of

17   diverse citizenship with Plaintiff.  Doc. 21.  After reading the parties' motions and

18   declarations, the Court ordered an evidentiary hearing to determine whether (1) Mr.

19   Baldwin was living in Nevada when the case was filed, and (2) whether he moved with

20   the intent to stay there indefinitely.  Doc. 50.  In response to the parties' memoranda of

21   law, the Court now answers a legal question: Assuming Mr. Baldwin had established his

22   domicile in California before moving to Nevada, must Defendants prove Mr. Baldwin's

23   new domicile in Nevada by clear and convincing evidence or by a preponderance of the

24   evidence?  The Court finds that the appropriate standard of proof is a preponderance of

25   the evidence.

26          In the Ninth Circuit, the party asserting subject-matter jurisdiction bears the

27   burden of proving jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  In

28   a case of diversity jurisdiction, a party may satisfy this burden by proving by a

1  preponderance of the evidence that the plaintiffs and defendants are of diverse citizenship

2  and that the amount in controversy exceeds $75,000.  *See Geographic Expeditions, Inc. v.*

3  *Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (applying the

4  "preponderance of the evidence standard" in a case removed from state court on the basis

5  of diversity); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th

6  Cir. 2003) (same); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir.

7  1996) (same).  To establish a person's citizenship in a particular state, a party must prove

8  that the person is "domiciled" in that state.  *See, e.g., Gilbert v. David*, 235 U.S. 561, 569

9  (1915); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  To establish domicile, a person

10  must have been physically present in a state with an intention to remain there indefinitely.

11  *Lew*, 797 F.2d at 749-50 (citing *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).

12  In determining a party's domicile, courts and commentators have recognized a

13  "presumption" in favor of "the continuation of an established domicile against an

14  allegedly newly acquired one."  Charles Wright & Arthur Miller, 13E *Federal Practice &*

15  *Procedure* § 3612 (3d ed.).  Courts differ as to how this presumption operates.  The Ninth

16  Circuit addressed the presumption in *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).  The

17  court recognized the legitimacy of the presumption but found that it does not shift the

18  burden of persuasion regarding jurisdiction.  *Id.* at 751.  Rather, the presumption "has the

19  sole effect of forcing the opponent of the presumption to produce enough evidence to

20  avoid a directed verdict."  *Id.*  In other words, the presumption shifts the burden of

21  production.  The court did not hold that the standard of proof is increased to clear and

22  convincing evidence.

23  *Lew* does not entirely answer the present issue, because the Defendants – who both

24  removed the case and oppose the presumption – already bear both the burden of

25  production and of persuasion.  Plaintiff argues that in the present case the Court should

26  find that the presumption operates to increase the burden of proof to clear and convincing

27  evidence.  Plaintiff cites case law from other circuits in support of this argument.  *See,*

28  *e.g.*, *Palazzo v. Corio*, 232 F.3d 38 (2d Cir. 2000) ("A party alleging that there has been a

- 2 -

1
2
3
4
5
6

change of domicile has the burden of proving . . . [the required] facts 'by clear and convincing evidence.'"); *Maple Island Farm v. Bitterling*, 196 F.2d 55, 58-59 (8th Cir. 1952) (finding that proof of a change of domicile must be "clear and convincing"). Wright & Miller have also written that "a domicile once established continues unless and until a new one is shown by clear and convincing evidence to have been acquired[.]" *Federal Practice & Procedure* § 3612.

7
8
9
10
11
12
13
14

These cases and commentaries do not provide much explanation for why the standard of proof should be increased. Indeed, many district court cases that use the clear and convincing standard simply rely on Wright & Miller. *See, e.g.*, *Berg v. Unitus Cmty. Credit Union*, No. 3:14-CV-00135-AC, 2014 WL 4674591 (D. Or. Sept. 17, 2014); *Harrell v. Kepreos*, No. CIV.04-3082-CO, 2005 WL 730639 (D. Or. Mar. 30, 2005). The Court is not persuaded by this case law, but rather agrees with the Third Circuit's holding in *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 288 (3d Cir. 2006). In considering the presumption, the Court applied Federal Rule of Evidence 301 and held:

15
16
17
18
19
20
21

> Under Rule 301, the presumption favoring an established domicile places the burden of production on the party alleging a change in domicile . . . . When the party claiming a new domicile is the proponent of federal jurisdiction, the effect of the presumption is less straightforward. . . . We believe the effect of placing both burdens on one party is to require the party to initially carry the burden of production to rebut the presumption in favor of an established domicile. If and when the party does so, the presumption falls out of the case and the party is required to carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship. Whether the party asserting a change of domicile is asserting or contesting federal subject matter jurisdiction, the appropriate standard of proof is preponderance of the evidence.

22
23
24

*Id.* at 288 (citing *Lew*, 797 F.2d at 749-51); *see also Garcia Perez v. Santaella*, 364 F.3d 348, 352 (1st Cir. 2004) ("To the extent that the court evaluated the appellants' evidence under a clear and convincing standard, plain error occurred.").

25
26
27
28

This decision accords with the Ninth Circuit's holding in *Lew* and the Ninth Circuit's consistent application of the preponderance of the evidence standard for proving diversity jurisdiction. Plaintiff has cited no case from the Ninth Circuit that has applied the clear and convincing standard. In the present case, therefore, Defendants must prove Richard Baldwin's domicile by a preponderance of the evidence. In rendering its

1     decision, the Court will consider the presumption in favor of the continuation of an

2     established domicile against an allegedly newly acquired one.

3          Dated this 27th day of October, 2014.

4

5

6

7     _____
                    David G. Campbell
8               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28